UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CHRISTINE S. ZHANG,

        Plaintiff

        -against-                                  **COMPLAINT**

APEX SHIPPING CO. (NYC), INC., and        **JURY TRIAL DEMANDED**
WEI SUN,
        Defendants.
---------------------------------------------------------------X

Plaintiff Christine S. Zhang, by her undersigned attorneys, alleges upon personal knowledge and upon information and belief as to all matters as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for sexual discrimination and harassment and retaliation against Defendants APEX Shipping Co. (NYC), Inc., and Wei Sun (collectively referred to herein as "Defendants"), in violation of Title VII of the Civil Rights Act of 1964 (Title VII") as amended, 42 U.S.C. §§2000e *et. seq.*, and the New York State Human Rights Law, N.Y. Exec. Law §296 *et seq.* Plaintiff seeks compensatory and punitive damages to redress the past deprivation of rights secured to Plaintiff under state and federal laws.

## JURISDICTION AND VENUE

2. This court has jurisdiction over this action pursuant to Title VII, 42 U.S.C. §2000e-5(f), and under 28 U.S.C. §§1331 and 1343(4) for claims arising under the New York State Human Rights Law (NYSHRL) based on the doctrine of supplemental jurisdiction in that such claims arise from a common nucleus of operative facts and are so intertwined with other matters pending before the Court as to make exercise of supplemental jurisdiction appropriate.

1

## PROCEDURAL REQUIREMENTS

3. Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and brings this action within ninety (90) days of the receipt of a Notice of Right to Sue, issued by the EEOC on March 18, 2015, a copy of which is attached hereto as Exhibit A.

## THE PARTIES

4. Plaintiff is a female citizen of the United States and a resident of County of Kings, State of New York. She was employed by Defendants as a customer service representative from in or about August 2010 until in or about January 2012 and as a sales associate from in or about January 2012 until July 2014.

5. Defendant APEX SHIPPING CO. (NYC), INC ("Defendant APEX") is a New York Domestic Business Corporation with a corporate address at 20 North Central Avenue, 2nd Floor, Valley Stream, NY 11580. Defendant APEX, has and at all relevant times had, and exercised, the power to hire, fire, and control the working conditions of the Plaintiff and is an employer within the meaning of 42 U.S.C. §2000e-(b).

6. Defendant WEI SUN ("Defendant SUN") is a male and an officer, manager, and/or operator of Defendant APEX. Defendant SUN has and at all relevant times had, and exercised the power to hire, fire, and control the working conditions of the Plaintiff and is an employer within the meaning of the NYSHRL.

7. Defendants APEX and SUN are collectively referred to herein as "Defendants".

## FACTUAL ALLEGATIONS

8. Defendants illegally discriminated against Plaintiff by creating, fostering, and maintaining a hostile work environment that subjected Plaintiff, and other female employees, to a sexually hostile workplace.

9. Plaintiff, and other female employees employed by Defendant APEX, were routinely subjected to a sexually hostile work environment that included the following: (i) unwanted sexual advances, (ii) requests for sexual favors, (iii) use of sexually charged comments, (iv) sexually degrading speech, (v) exposure to pornography, (vi) offensive sexual conduct, and (vii) to physical harassment including hostile touching.

10. Defendants APEX and SUN witnessed numerous instances of the above actions and failed to do anything to prevent or stop them.

11. At all times relevant hereto, Plaintiff's job performance was satisfactory and none of the Defendants complained about her work performance.

12. Martin Sun ("Martin") was Plaintiff's co-worker and a senior sales associate employed by Defendant APEX for many years.

13. On a regular basis - often daily - and in the presence of Defendant SUN and other APEX managers and employees, Martin made sexually explicit comments and remarks about many of Defendant Apex's female employees, and about females in general.

14. Martin regularly commented about Defendant APEX's female employees' body parts, shapes, sizes, physiques and about their "sexiness".

15. Some of his comments included the following:

    (i)    About a co-worker: "look at her butt in that skirt it looks very nice";

    (ii)   About another co-worker: that her "boobs" were big and nice;

    (iii)    About an APEX supervisor: that her clothing was revealing and that she should just come to work naked;

    (iv)    About a co-worker: that she has a nice body but that she has big thighs and he could tell she gave birth to kids;

    (v)    That an APEX manager "boobs" looked nicer when she became pregnant; and

    (vi)    That a co-worker has nice "boobs".

16. Martin made the above comments, and many similar sexually degrading comments, in an open work area in APEX's office during work hours.

17. Martin frequently commented on Plaintiff's breasts; often stating that they "looked nice".

18. Plaintiff repeatedly requested that Martin stop making sexually degrading comments to and about her; nevertheless he continued to make sexually degrading comments about Plaintiff and APEX's other female employees.

19. Martin often sent Plaintiff text messages – in Chinese - with sexual innuendo, jokes, and other inappropriate and unwanted content.  Martin also sent similar text messages to several other female co-workers.  The texts that Martin sent to Plaintiff included topics such as: sex toys, enlarging breasts, the depth and lengths of vaginas and penises, and other sexually explicit topics.

20. Defendants - and Plaintiff's supervisor Liye Cheng ("Ms. Cheng") - were aware of Martin's sexually explicit comments and text messages.  Indeed, the majority of the text messages were sent over Defendant APEX's group "Wechat" message system.

21. Defendants and Ms. Cheng tolerated, and sanctioned, Martin's conduct. Defendants did not take any actions to stop Martin's offensive conduct and messages. They simply laughed it off.

22. In addition to the sexual comments and text messages that were a regular part of APEX's office environment, Martin used his work computer - in APEX's open work area during work hours - to look at pornographic images of nude and/or seminude females.

23. As a means of tormenting Plaintiff, Martin frequently called Plaintiff over – under the pretext of needing her for work related matters – to look at Martin's computer screen that was displaying pornographic images.

24. Plaintiff often requested that Martin not display pornographic images on his computer; she told him that was not appropriate during work hours.

25. Defendant SUN and Ms. Cheng were well aware of Martin's use of APEX's computers to view pornographic images during work. They frequently walked by Martin's desk and observed him viewing porn; often they joked to Martin: "are you looking at girls again?"

26. In addition to Martin, Defendant SUN also frequently watched pornographic videos in APEX's office on his work computer. While Defendant SUN had his own office in which he viewed the pornographic videos, on numerous occasions the volume was so loud that other APEX employees, including Plaintiff, heard the sound from the videos.

27. Nor was the sexually hostile environment limited to Defendant's APEX offices. Often on trips, including on a 2011 APEX sales trip to China, Martin and other APEX male employees, including management, openly discussed their sexual encounters – and their hiring escorts – in front of and/or with Plaintiff and other APEX employees.

28. In addition to the barrage of sexually charged comments, discussions, and texts, and the rampant use of pornography, the sexually charged work atmosphere led to unwanted sexual touchings and, on one occasion, to a physical sexual assault.

29. On one occasion in 2012 when Plaintiff was in the lunchroom to heat up her food, Martin tapped her on her behind.

30. Plaintiff immediately complained to Ms. Cheng about the offensive touching and about Martin's comments and his sexually charged and boorish behavior.

31. Ms. Cheng failed to do anything to stop Martin's behavior; her response to Plaintiff was along the lines of "we all got used to it already" and "that is just the way he is".

32. On another occasion, in March of 2014 during an APEX company sales trip to Las Vegas, Martin entered Plaintiff's room while Plaintiff was sleeping – after being given the key by Defendant SUN - and sexually assaulted her.

33. Specifically, Martin climbed into Plaintiff's bed, and got on top of Plaintiff, while she was still sleeping.  Martin grabbed Plaintiff's thighs, pressed himself against her and began kissing her face.

34. Plaintiff woke up in shock and immediately attempted to free herself from Martin's grip.  Plaintiff jumped off the bed but Martin grabbed her from behind and threw her back onto the bed.  Plaintiff finally succeeded in pushing Martin away and yelled at him to get out of the room.

35. Plaintiff immediately reported this incident to Defendant SUN.  Defendant SUN however told her he could not discuss the incident with her because he was "too busy".

36. Defendants eventually terminated Martin due to the sexual assault, only to later inform Plaintiff that they wanted to bring Martin back because he was a good salesman and because they felt bad that he lost his job.

37. Plaintiff was devastated that Defendants wanted to reinstate Martin; hearing that Defendants wanted to reinstate Martin caused Plaintiff much anxiety and distress and forced her to re-live the assault, harassment, and humiliation.

38. After she reported the assault, Defendant SUN and APEX management began treating Plaintiff differently.  Defendant SUN was no longer friendly with Plaintiff and only spoke with her briefly about business.

39. Ms. Cheng told Plaintiff that Defendant SUN was telling APEX employees it was Plaintiff's fault that the assault happened and that Plaintiff was making a big deal out of nothing.

40. Plaintiff felt isolated by how Defendants treated her and, like many victims of sexual violence, began blaming, and questioning, herself.

41. Defendants APEX and SUN retaliated against Plaintiff because she complained of the sexual harassment and discrimination.

42. Defendants conduct was severe and/or pervasive and affected Plaintiff's psychological well-being.

43. Due to the harassment, the assault, and the retaliation, Plaintiff suffered greatly.  As a result of the distress resulting from the harassment, sexual assault, and retaliation, Plaintiff could no longer continue working with, or for, Defendants.  She therefore resigned on or about July 14, 2014.

44. Defendant APEX had knowledge of Defendant SUN's, and Martin's, harassment of female employees and Plaintiff.

45. Defendant APEX did nothing to stop the harassment, and when Plaintiff complained, Defendants subjected her to retaliatory harassment.

46. In response to Plaintiff's complaints, Defendants, labeled Plaintiff as a complainer and someone who makes a big deal out of trivial matters.

47. Defendant APEX did not have an anti-harassment policy, a complaint procedure for Plaintiff to follow or an investigative process for discrimination/harassment complaints.

48. Defendant SUN was, at all times relevant hereto, responsible for addressing all employee complaints and stopping any inappropriate behavior by employees.

49. Defendants' conduct was outrageous and malicious and was intended to injure Plaintiff, and done with reckless indifference to Plaintiff's protected civil rights.

50. As a proximate result of Defendants' employment discrimination on the basis of her sex, and as a result of the illegal retaliation, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, and other employment benefits.

51. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer impairment and damage to Plaintiff's good name and reputation.

52. As a further proximate result of Defendants' actions taken because of Plaintiff's sex, Plaintiff has suffered and continues to suffer from physical and emotional damages, severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

53. The conduct of Defendants was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's protected civil rights, entitling Plaintiff to an award of punitive damages.

### FIRST CLAIM FOR RELIEF
### (Sex Discrimination in Violation of Title VII)

54. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

55. Throughout the statute of limitations period covered by these claims, Defendant APEX, was and continues to be an "employer" within the meaning of 42 U.S.C. §2000e – (b) and at all times relevant hereto is liable for the actions of its agents, managers and employees.

56. Defendant SUN was employed by APEX and acting on behalf of APEX when he discriminated against Plaintiff and engaged in persistent and pervasive conduct against Plaintiff on the basis of her sex.

57. Defendants' acts constitute a persistent and pervasive pattern and practice of sexually harassing and degrading Plaintiff.

58. Defendants creation of a hostile work environment constitutes unlawful discrimination in employment on the basis of sex/gender in violation of 42 U.S.C. §§2000e *et seq.*

59. Plaintiff would not have been the object of harassment by Defendants but for her sex.

60. As a result of Defendants acts, Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages and damages for mental anguish and humiliation as a result of Defendants' discriminatory acts.

### SECOND CLAIM FOR RELIEF
### (Retaliation in Violation of Title VII)

61. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein

62. Defendants have retaliated against Plaintiff for her opposition to Defendants unlawful employment practices and complaints of discrimination.

63. Defendants' retaliation included but not limited to discriminatory treatment in violation of 42 U.S.C. 2000e – 3(a) which makes it unlawful for an employer to retaliate against its employees for opposing unlawful employment practices.

64. As a result of Defendants acts, Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages and damages for mental anguish and humiliation as a result of Defendants' discriminatory acts.

**THIRD CLAIM FOR RELIEF**
**(Sex Discrimination in Violation of the New York State Human Rights Law)**

65. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein

66. This Court has supplemental jurisdiction over Plaintiff's NYSHRL, Executive Law §§290 *et seq.* claims.

67. Defendants' acts, policies and practices have created a hostile working environment for Plaintiff in violation of the NYSHRL, Executive Law §§290 *et seq.*

68. Further, Defendants acts, policies and practices constitute unlawful discrimination in the terms and conditions of employment on the basis of sex in violation of the NYSHRL, Executive Law §§290 *et seq.*

69. The individual Defendant herein is liable under the Executive Law as an aider and abettor of the discrimination against Plaintiff.

70. As a result of Defendants acts, Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages and damages for mental anguish and humiliation as a result of Defendants' discriminatory acts.

## FOURTH CLAIM FOR RELIEF
(Retaliation in Violation of the New York State Human Rights Law)

71. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

72. This Court has supplemental jurisdiction over Plaintiff's NYSHRL, Executive Law §§290 *et seq.* claims.

73. As a result of Plaintiff's opposition to Defendants discriminatory acts, policies and procedures, Plaintiff has been subjected to retaliatory actions which constitute a violation of the NYSHRL §296.

74. The individual Defendant herein is liable under the Executive Law as an aider and abettor of the retaliation against Plaintiff.

75. As a result of Defendants acts, Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages and damages for mental anguish and humiliation as a result of Defendants' discriminatory acts.

**WHEREFORE**, Plaintiff prays that this Court grant judgment to her containing the following relief:

1) An award of Plaintiff's damages in an amount to be determined at trial but not less than $150,000 for loss of wages, benefits, and other economic damages;

2) An award of damages in an amount to be determined at trial but not less than $250,000 to compensate Plaintiff for mental anguish, humiliation, embarrassment, and physical and emotional injuries;

11

3) An award of punitive damages;

4) An award of reasonable attorneys' fees and the costs of this action, including attorney's fees for representation before the EEOC as required before commencing proceedings in this federal action; and

5) Such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and claims with respect to which she has a right to a jury trial.

Dated: June 16, 2015

HARRISON, HARRISON & ASSOC., LTD.

David Harrison, Esq.
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
Telephone: 718-799-9111
Facsimile: 718-799-9171
nycotlaw@gmail.com

Law Office of Olga Medyukh, PLLC
Olga Medyukh, Esq.
7701 Bay Parkway, 1st Floor
Brooklyn, New York 11214
Telephone: 718-758-4634
Facsimile: 718-228-8554
Email: omedyukh@gmail.com
*Attorneys for Plaintiff*

# EXHIBIT "A"

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Christine Zhang
8730 19th Avenue
Brooklyn, NY 11214

Re:   EEOC Charge No. 520-2014-03191
      Zhang v. Apex Shipping Co.

Dear Ms. Zhang,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined the information and evidence you submitted supporting your allegations of harassment, discrimination and retaliation based on Sex (female).

Respondent's position statement has been previously shared with you. Your rebuttal to this position statement has been received and analyzed. Based upon this analysis the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Please contact Investigator Mabel Tso at (212) 336-3762 or Mabel.Tso@eeoc.gov if you have any questions.

Sincerely,

_____ for
Kevin J. Berry
District Director

MAR 1 8 2015
Date

CC:   Olga Medyuk
      Law Office of Olga Medyukh
      7701 Bay Parkway
      Brooklyn, NY 11214

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Christine Zhang<br>8730 19th Avenue<br>Brooklyn, NY 11214 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2014-03191 | Mabel Tso,<br>Investigator | (212) 336-3762 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission     **MAR 18 2015**

*/s/ Kevin J. Berry/*

Kevin J. Berry,<br>District Director     (Date Mailed)

Enclosures(s)

cc:
Attn<br>
Director of Human Resources<br>
APEX SHIPPING CO.<br>
20 North Central Avenue<br>
Valley Stream, NY 11580

Charging Party Attorney:<br>
Olga Medyukh<br>
LAW OFFICE OF OLGA MEDYUKH, PLLC<br>
7701 Bay Parkway<br>
Brooklyn, NY 11214

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Fl
New York, N.Y. 10004

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

LAW OFFICE OF OLGA
2701 BOUY PONNWONG
Brooklyn NY 11224